Anna Y. Park, CA SBN 164242
Cherry Marie Rojas, CA SBN 141482
Gregory L. McClinton, CA SBN 153553
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, 4th Floor
Los Angeles, CA 90012
Telephone: (213) 894-1053
Facsimile: (213) 894-1301



2005 MAR 31  A 10: 54

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

## UNITED STATES DISTRICT COURT

### DISTRICT

CV-S-05-0427-LRH-PAL

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

  Plaintiff,

v.

CAESARS ENTERTAINMENT,
INCORPORATED, A DELAWARE
CORPORATION; PARK PLACE
ENTERTAINMENT CORPORATION, A
DELAWARE CORPORATION AND
DOES 1-10 INCLUSIVE,

  Defendants.

) **COMPLAINT–CIVIL RIGHTS**
) **SEX HARASSMENT AND**
) **RETALIATION**
)
)
)
) (42 U.S.C. §§ 2000e, et seq.; )
)
) **DEMAND FOR JURY TRIAL**
)
)
)
)

## NATURE OF THE ACTION

This is a sexual harassment and retaliation action brought by the United States Equal Employment Opportunity Commission ("the Commission" or "Plaintiff"), under Title VII of the Civil Rights Act of 1964, as amended, to correct unlawful employment practices on the basis of sex and to provide appropriate relief to the Charging Parties, Jessica Alvarado, Candelaria Turcios, Elina Masid, Jessemia Chamorro, Maribel Mendoza, Tange Johnson (collectively referred to hereafter as "the Charging Parties"), and a class of similarly situated individuals, who were adversely affected by such practices. The Commission alleges that "the Charging Parties"

1

1  and other similarly situated individuals were sexually harassed or subjected to sex-based
2  harassment during their employment with Defendants, Caesars Entertainment Inc., a Delaware
3  Corporation, and Park Place Entertainment Corporation, a Delaware Corporation ("Defendant
4  Employers"). Charging Parties, and other similarly situated individuals were subjected to a
5  hostile work environment perpetuated by Defendants' supervisor(s) and co-workers.

6  The Commission also alleges that the Charging Parties and other similarly situated
7  individuals who had complained of the harassment by supervisors were subjected to retaliation
8  in the form of demotion, loss of wages, further harassment, discipline or discharge.

## JURISDICTION AND VENUE

10  1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. sections 451, 1331,
11  1337, 1343 and 1345. This action is authorized and instituted pursuant to §§706(f)(1) and (3)
12  and 707 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(1) and
13  (3) and pursuant to § 102 of the Civil Rights Act of 1991, 42 U.S.C. §§1981A.

14  2.  The employment practices alleged herein to be unlawful were committed within
15  the jurisdiction of the United States District Court for the State of Nevada.

16  3.  Prior to institution of this lawsuit, the Commission's representatives attempted to
17  eliminate the unlawful employment practices alleged below and to effect voluntary compliance
18  with Title VII through informal methods of conciliation, conference and persuasion within the
19  meaning of §§706(f)(1) and (3) of Title VII, 42 U.S. C., §§2000e-5(f)(1) and (3). All conditions
20  precedent to the institution of this lawsuit have been fulfilled.

## PARTIES

22  4.  Plaintiff Commission is an agency of the United States of America charged with
23  the administration, interpretation and enforcement of Title VII, and is expressly authorized to
24  bring this action under §§706(f)(1) and (3) and 707 of Title VII, 42 U.S.C., §§ 2000e-5(f)(1) and
25  (3) and 2000e-6(e).

26  5.  At all relevant times, "Defendant Employers," have continuously been and are
27  now doing business in the State of Nevada, County of Washoe, and City of Las Vegas, Nevada.
28  //

-2-

6. Plaintiff is ignorant of the true names and capacities of "Defendant Employers," sued as DOES 1 through 10, inclusively, and therefore Plaintiff sues said "Defendant Employers" by such fictitious names. Plaintiff reserves the right to amend the complaint to name the DOE "Defendant Employers" individually or collectively as they become known. Plaintiff alleges that each of the "Defendant Employers" named as DOES was in some manner responsible for the acts and omissions alleged herein and Plaintiff will amend the complaint to allege such responsibility when same has been ascertained by Plaintiff.

7. It is further alleged on information and belief that the named and unnamed defendants in the complaint are mere alter egos of the "Defendant Employers." The remaining Defendants are properly named in the complaint.

8. All of the acts and failures to act alleged herein were duly performed by and attributable to "Defendant Employers", each acting as a successor, agent, employee or under the direction and control of the others, except as specifically alleged otherwise. Said acts and failures to act were within the scope of such agency and/or employment, and each "Defendant Employers" participated in, approved and/or ratified the unlawful acts and omissions by other "Defendant Employers" complained of herein. Whenever and wherever reference to any act in this Complaint to any act by a defendant employer or "Defendant Employers," such allegations and reference shall also be deemed to mean the acts and failures to act of each "Defendant Employer" acting individually, jointly and/or severally.

9. At all relevant times, "Defendant Employers" have continuously been employers engaged in an industry affecting commerce within the meaning of §§ 701 (b), (g) and (h) of Title VII, 42 U.S.C., §§ 2000e-1(b), (g) and (h) and §§ 11(b), (g), and (h).

## STATEMENT OF CLAIMS

10. Since on or about January 1, 2000 to the present date, "Defendant Employers" have engaged in unlawful employment practices at its facility in Las Vegas, Nevada in violation of §§706(f)(1) and (3) of Title VII, 42 U.S. C., §§2000e-5(f)(1) and (3). The unlawful sexual harassment and sex based harassment in the form of verbal harassment directed at the Charging Parties and other similarly situated individual women impacted the terms and conditions of their

-3-

employment and created a hostile working environment at "Defendant Employers." These practices also included the retaliation against and/or termination of the Charging Parties and other similarly situated individuals for having complained about the hostile work environment.

11. The impact of the aforementioned conduct deprived the Charging Parties and other similarly situated individuals of equal employment opportunities and otherwise adversely impacted their employment status because of their sex and in retaliation for opposing discriminatory practices or engaging in a protected activity that resulted in adverse employment action.

12. The unlawful employment practices complained of above were and are willful within the meaning of §§706(f)(1) and (3) of Title VII, 42 U.S. C., §§2000e-5(f)(1) and (3).

13. The unlawful employment practices complained of above were intentional and caused the Charging Parties and other similarly situated individuals to suffer emotional distress.

14. "Defendant Employers" have acted with malice or reckless indifference to the federally protected rights of the Charging Parties and other similarly situated individuals by subjecting them to harassment consisting of sexually charged conduct, forced vaginal sex, attempted sodomy, forced oral sex, unwelcomed touching, derogatory statements, and obscene and vulgar language. Women were openly asked by supervisor(s) to perform acts of a sexual nature as well as subjected to other derogatory and obscene statements. When Charging Parties complained to "Defendant Employers" about the harassment they and other similar situated individuals were being subjected to, their requests were either ignored or they were subjected to further harassment. The Charging Parties and other similarly situated individuals were also subject to retaliation for opposing discrimination or engaging in a protected activity resulting in an adverse employment action that harmed them.

### PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining "Defendant Employers," its officers, successors, assigns and all persons in active concert or participation with them, from engaging

///

-4-

1  in any employment practices that discriminate on the basis of sex or from engaging in unlawful
2  retaliation;

3      B.    Grant a permanent injunction enjoining "Defendant Employers," their officers,
4  successors, assigns and all persons in active concert or participation with them, from engaging
5  in any employment practice which discriminates on the basis of sex;

6      C.    Order "Defendant Employers" to institute and carry out policies, practices and
7  programs which provide equal employment opportunities for females which eradicate the effects
8  of their past and present unlawful employment practices;

9      D.    Grant a judgment requiring "Defendant Employers" to pay the Charging Parties
10 and other similarly situated individuals appropriate back pay, front pay, compensatory damages
11 and benefits in an amount to be determined at trial including prejudgment interest;

12     E.    Order "Defendant Employers" to make the Charging Parties and other similarly
13 situated individuals whole by providing affirmative relief necessary to eradicate the effects of its
14 unlawful practices including, but not limited to, payment of compensatory damages to Charging
15 Parties and other similarly situated individuals and/or rightful place employment;

16     F.    Order "Defendant Employers" to pay Charging Parties and other similarly
17 situated individuals punitive damages in an amount to be determined at trial;

18     G.    Award the Commission its costs in this action; and

19     H.    Grant such further relief as the Court deems necessary and proper in
20 the public interest.

21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

## JURY DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully Submitted By:

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
1801 "L" Street, N.W.
Washington, D.C. 20507

Eric S. Dreiband
General Counsel

James Lee
Deputy General Counsel

Gwendolyn Reams
Associate General Counsel

March 30, 2005          By: _Cherry-Marie Q. Rojas for_
                            Anna Y. Park, Regional Attorney
                            Gregory L. McClinton, Trial Attorney

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, 4th Floor
Los Angeles, California 90012
(213) 894-1053