UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>   Plaintiff,<br><br>v.<br><br>CAESARS ENTERTAINMENT, INCORPORATED, a Delaware Corporation, PARK PLACE ENTERTAINMENT CORPORATION, a Delaware Corporation and DOES 1-10, inclusive,<br><br>   Defendants.<br><br>ELINA MASID, JESSICA ALVARADO PANAMENO, TANGE JOHNSON and CANDELARIA TURCIOS,<br><br>   Plaintiffs/Intervenors,<br><br>v.<br><br>CAESARS ENTERTAINMENT, INCORPORATED, a Delaware Corporation, PARK PLACE ENTERTAINMENT CORPORATION, a Delaware Corporation; DESERT PALACE INC., a Nevada Corporation, dba CAESARS PALACE; JUAN GONZALEZ; DANIEL PINELO; RICARDO HERNANDEZ; and DOES 1-10 inclusive,<br><br>   Defendants. | 02:05-CV-00427-LRH-PAL<br><br>ORDER |

Presently before the court is defendant Ricardo Hernandez's ("Hernandez") Motion for Summary Judgment (# 130[1]). Plaintiff/intervenor Tange Johnson ("Johnson") filed an opposition (# 132) and Plaintiffs/Intervenors Elina Masid, Jessica Alvarado Panameno, and Candelaria Turcios have filed a statement of non-opposition (# 142). Hernandez subsequently filed a reply (# 143). Also before the court is the parties request for clarification of the court's April 25, 2006, Order (# 61). The court held a status conference on March 19, 2007, to hear from the parties and will clarify its previous order below.

**I. Factual and Procedural Background**

This is a sexual harassment and retaliation action brought by the United States Equal Employment Opportunity Commission pursuant to Title VII of the Civil Rights Act of 1964. The present motion requires the court to address issues that are identical to issues that have previously been ruled upon by this court. *See* (April 25, 2006, Order (# 61)); (September 27, 2006, Order (# 138).)

The factual background relevant to the present motion is undisputed. During the time period relevant to this action, Johnson was employed by Caesars. From approximately September, 2000, to February 6, 2001, Hernandez was Johnson's supervisor and allegedly subjected Johnson to sexual harassment. Hernandez was placed on administrative leave in February, 2001, and was terminated from his employment on March 23, 2001. The Equal Employment Opportunity Commission investigated the allegations in this case and filed suit on March 31, 2005. Johnson intervened in this action asserting both federal and state claims of sexual harassment and retaliation along with several state tort claims.

///

///

---

[1]Refers to the court's docket number.

**II. Motion for Summary Judgment**

    **A. Legal Standard**

Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In assessing a motion for summary judgment, the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).

The moving party bears the burden of informing the court of the basis for its motion, along with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On those issues for which it bears the burden of proof, the moving party must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986); *see also Idema v. Dreamworks, Inc.*, 162 F.Supp.2d 1129, 1141 (C.D.Cal. 2001). For those issues where the moving party will not have the burden of proof at trial, the movant must point out to the court "that there is an absence of evidence to support the nonmoving party's case." *Catrett,* 477 U.S. at 325.

In order to successfully rebut a motion for summary judgment, the non-moving party must point to facts supported by the record which demonstrate a genuine issue of material fact. *Reese v. Jefferson School Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000). A "material fact" is a fact "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983). A dispute regarding a material fact is considered genuine "if the evidence is such that a reasonable

jury could return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248. The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient to establish a genuine dispute; there must be evidence on which the jury could reasonably find for the plaintiff. *See id.* at 252.

### B. Discussion

In this motion, Hernandez argues that Johnson's state and federal employment claims should be dismissed because Hernandez is not subject to liability under the applicable statutes. In addition, Hernandez argues that Johnson's state law claims should be dismissed due to the expiration of the statute of limitations. Johnson opposes the motion by raising arguments that have previously been rejected by the court. Specifically, Johnson argues, citing out-of-circuit authority, that Hernandez is subject to liability for sexual harassment. With respect to her state law tort claims, Johnson argues that such claims are subject to equitable tolling. As this court has already addressed these issues in two previous orders, (April 25, 2006, Order (# 61)); (September 27, 2006, Order (# 138)), only a limited discussion is necessary to resolve the present motion.

### 1. State and Federal Statutory Claims

As the parties are aware, the court has previously determined that individual employees and supervisors are not subject to liability under either title VII or sections 613.330 and 613.340(a) of the Nevada Revised Statutes. (April 25, 2006, Order (# 61)); (September 27, 2006, Order (# 138).) In seeking a different result here, Johnson relies on *Tafoya v. Adams*, 612 F.Supp. 1097, 1104-05 (D. Colo. 1985), for the proposition that a supervisory or management level employee can be held liable under Title VII. Johnson's reliance on *Tafoya* is misplaced in light of the Ninth Circuit's decision in *Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587-88 (9th Cir. 1993). Pursuant to *Miller*, Hernandez cannot be held liable for an alleged violation of Title VII. For the same reason,

Hernandez cannot be held liable for the alleged violation of sections 613.330 and 613.340(a).[2] (April 25, 2006, Order (# 61)); (September 27, 2006, Order (# 138).)

### 2. State Tort Claims

It is undisputed that Johnson's state tort claims are barred by Nevada's statute of limitations. *See* Nev. Rev. Stat. § 11.190(4). Johnson, however, argues that this court should equitably toll the limitations period. Specifically, Johnson argues that equitable tolling is appropriate because her claims against Hernandez are not stale, she diligently pursued her claims, and the filing of a Complaint in Intervention promotes judicial economy.

The arguments raised by Johnson are identical to arguments previously raised and disposed of by this court. *See* (April 25, 2006, Order (# 61)); (September 27, 2006, Order (# 138).) The court finds the reasoning in its April 25, 2006, and September 27, 2006, Orders equally applicable to the present motion. For the reasons previously addressed by the court, the court finds that equitable tolling is not warranted in this case. *See id.* As such, summary judgment will be granted.

## III. Request for Clarification

On April 25, 2006, the court issued an Order (# 61) granting summary judgment with respect to all Plaintiffs'/Intervenors' claims for relief against Daniel Pinelo ("Pinelo"). Defendants Desert Palace, Inc. d/b/a Caesars Palace, Caesars Entertainment, Inc., and Park Place Entertainment Corporation (collectively, "Caesars") filed a joinder (# 31) to Pinelo's motion for summary judgment. The court's April 25, 2006, Order has caused confusion among the parties as it did not specifically address the negligent supervision and hiring claim brought solely against Caesars.

The court's April 25, 2006, Order did not dispose of the negligent supervision and hiring claim that was brought against Caesars as that claim was not considered by the court. Nevertheless, the court has reviewed and considered all the documents filed with respect to Pinelo's motion for

---

[2]To the extent Johnson has requested leave to amend the Complaint in Intervention, Johnson may file a motion in compliance with the Federal Rules of Civil Procedure and Local Rule 15-1.

5

summary judgment and Caesars' joinder and finds that summary judgment is appropriate on Plaintiffs'/Intervenors' Eleventh Claim for relief.

The court's reasoning in its April 25, 2006, order is equally applicable to Plaintiffs'/Intervenors' negligent hiring and supervision claim. As with the other tort claims in this case, the parties agree that the statute of limitations has run. *See* Nev. Rev. Stat. § 11.190(4). Furthermore, the court finds that equitable tolling is inappropriate for reasons that have previously been stated by the court. *See* (April 25, 2006, Order (# 61)); (September 27, 2006, Order (# 138).) Therefore, summary judgment on Plaintiffs'/Intervenors' Eleventh Claim for Relief will be granted.

IT IS THEREFORE ORDERED that Hernandez's Motion for Summary Judgment (# 130) is hereby GRANTED.

IT IS FURTHER ORDERED that the parties' request for clarification is GRANTED. Plaintiffs'/Intervenors' Eleventh Claim for Relief is hereby DISMISSED.

IT IS SO ORDERED.

DATED this 25th day of April, 2007.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE