1  | Anna Y. Park, CA SBN 164242
Connie Liem, TX SBN 791113
2  | Victor Viramontes. CA SBN 214158
Angela Morrison, NV SBN 9630
3  | EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
4  | 255 East Temple Street, 4th Floor
Los Angeles, CA 90012
5  | Telephone: (213) 894-1083
Facsimile: (213) 894-1301
6  | lado.legal@eeoc.gov

7  | Attorneys for Plaintiff
EQUAL EMPLOYMENT
8  | OPPORTUNITY COMMISSION

9  | Patrick Hicks, NV SBN 4642
Veronica Arechederra Hall, NV SBN 5855
10 | Deborah Westbrook, NV SBN 9285
LITTLER MENDELSON
11 | 3960 Howard Hughes Parkway, Suite 300
Las Vegas, NV 89169
12 | Telephone: (702) 862-8800
Facsimile: (702) 862-8811

13 | Attorneys for Defendants
14 | CAESARS ENTERTAINMENT, INC., et al.

15 | **UNITED STATES DISTRICT COURT**

16 | **DISTRICT OF NEVADA**

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

     Plaintiff,

     v.

CAESARS ENTERTAINMENT, INC., et al.,
DOES 1-10 INCLUSIVE,

     Defendants.

ELINA MASID, et al.,

     Plaintiff-Intervenors,

     v.

CAESARS ENTERTAINMENT, INC., et al.,
DOES 1-10 INCLUSIVE,

     Defendants.

CASE NO. 2:05-CV-0427 LRH (PAL)

**CONSENT DECREE; ORDER**

The Honorable Larry L. Hicks
U.S. District Court Judge

1

**I.**

2

**INTRODUCTION**

3      A.      Plaintiff U.S. Equal Employment Opportunity Commission (the "EEOC" or
4  "Commission") filed this action against Caesars Entertainment, Inc., Park Place Entertainment
5  Corp., Desert Palace, Inc., Harrah's Entertainment, Inc., Harrah's Operating Company, Inc.,
6  Caesar's World, Inc., and Caesars Palace Corp. under Title VII of the Civil Rights Act of 1964,
7  as amended, 42 U.S.C. § 2000e et seq. ("Title VII"). In its Second Amended Complaint, the
8  EEOC alleged that Charging Parties Elina Masid, Tange Johnson, Jessica Panameno, Candelaria
9  Turcios, and Maribel Mendoza ("Charging Parties") and other similarly situated individuals
10  ("Class Members") were subjected to unlawful employment practices on the basis of sex, female,
11  in violation of Section 703(a) of Title VII. The Commission's Second Amended Complaint
12  further alleged that the Charging Parties and other similarly situated individuals were subjected
13  to unlawful retaliation in violation of Section 704(a) of Title VII.

14      B.      Defendant, Desert Palace, Inc. is a Nevada Corporation that does business as
15  Caesars Palace and operates the hotel/casino located at 3570 Las Vegas Blvd. South. Desert
16  Palace, Inc., therefore, is the proper corporate entity against whom this Decree is binding for the
17  hotel/casino at 3570 Las Vegas, Blvd. South. At all times relevant to this action, Desert Palace,
18  Inc. has been a wholly-owned subsidiary of Caesars Palace Corp., a Delaware Corporation and
19  holding company. At all relevant times, Caesars Palace Corporation has been a wholly-owned
20  subsidiary of Caesars World, Inc., a Florida Corporation which is also a holding company.   At
21  all relevant times until January 5, 2004, Caesars World, Inc. was a wholly-owned subsidiary of
22  Park Place Entertainment Corporation.   On January 5, 2004, Park Place Entertainment
23  Corporation changed its name to Caesars Entertainment, Inc.   On June 13, 2005, Caesars
24  Entertainment, Inc. merged with and into Harrah's Operating Company, Inc., with Harrah's
25  Operating Company, Inc. as the surviving entity after the merger.  Caesars Entertainment, Inc.
26  ceased to exist as a corporate entity at the time of the merger.  Harrah's Operating Company, Inc.
27  is a wholly-owned subsidiary of Harrah's Entertainment, Inc.

28

2

1    C.    The EEOC has agreed to dismiss with prejudice Caesars Entertainment, Inc., Park

2  Place Entertainment Corp., Harrah's Entertainment, Inc., Harrah's Operating Company, Inc.,

3  Caesar's World, Inc., and Caesars Palace Corp., and shall file a stipulation to dismiss with

4  prejudice each of these parties at the same time the parties file this Decree.  Therefore, Desert

5  Palace, Inc. d/b/a Caesars Palace (hereinafter "Defendant" or "Caesars Palace") is the only

6  Defendant subject to this Decree.

7    D.    Caesars Palace denies unlawful discrimination, harassment or retaliation of any

8  sort and denies all allegations made by the EEOC, Charging Parties and the Class Members.

9  This Decree is not an adjudication or finding on the merits of this case and shall not be construed

10  as an admission of liability on the part of Caesars Palace.

11    E.    The EEOC, Plaintiff-Intervenors,[1] and Caesars Palace engaged in comprehensive

12  settlement negotiations and, as a result of those negotiations, the EEOC and Caesars Palace have

13  agreed to resolve all claims between them by entry of this Decree.

14                                                **II.**

15                   **PURPOSES AND SCOPE OF THE CONSENT DECREE**

16    A.    The parties to this Decree are the EEOC and Caesars Palace.  The scope of this

17  Decree includes Defendant's facility known as Caesars Palace, located at 3570 Las Vegas Blvd.

18  South, Las Vegas, Nevada, 89109.  This Decree shall be binding on and enforceable against

19  Defendant and its successors and assigns.

20    B.    The parties have entered into this Decree for the following purposes:

21         1.    To avoid expensive and protracted costs incident to litigation;

22         2.    To provide a final and binding settlement upon the Parties;

23         3.    To provide monetary and injunctive relief;

24         4.    To ensure that Defendant's employment practices comply with federal

25  law;

26

27  ─────────
[1] Plaintiff-Intervenors is defined in Section VIII.(A.).

28                                      3
                          [PROPOSED] CONSENT DECREE; ORDER

1         5.     To ensure a work environment free from hostility and retaliation;

2         6.     To ensure training for Defendant's managers and employees with respect

3    to their obligations under Title VII; and

4         7.     To provide an appropriate and effective mechanism for handling

5    discrimination complaints in the workplace.

6         8.     There is no determination implied or expressed in this Decree regarding

7    whether the current policies, practices and procedures of Caesars Palace comply with Title VII.

8                      **III.**

9                 **RELEASE OF CLAIMS**

10        A.     This Decree fully and completely resolves all issues, claims and allegations by the

11   EEOC against Caesars Palace that are raised in the EEOC's Second Amended Complaint filed in

12   this action in the United States District Court, District of Nevada, captioned U.S. Equal

13   Employment Opportunity Commission v. Caesars Entertainment, Inc., et al.; Case No. CV-S-

14   0427 LRII (PAL). Because all issues, claims and allegations made by the EEOC in Case No.

15   CV-S-0427 LRH (PAL), against Caesars Entertainment, Inc., Park Place Entertainment Corp.,

16   Harrah's Entertainment, Inc., Harrah's Operating Company, Inc., Caesar's World, Inc., and

17   Caesars Palace Corp. will be dismissed with prejudice, none of these entities are subject to the

18   terms of this Decree.

19        B.     Nothing in this Decree shall be construed to preclude any party from bringing suit

20   to enforce this Decree in the event that any party hereto fails to perform the promises and

21   representations contained herein.

22        C.     Nothing in this Decree shall be construed to limit or reduce Defendant's

23   obligation to comply fully with Title VII or any other federal employment statute.

24        D.     This Decree in no way affects the EEOC's right to bring, process, investigate or

25   litigate other charges that may be in existence or may later arise against Defendant in accordance

26   with standard EEOC procedures.

27   . . .

28                      4

## IV.

## JURISDICTION

A.      The Court has jurisdiction over the parties and the subject matter of this lawsuit. The Complaint asserts claims that, if proven, would authorize the Court to grant the equitable relief set forth in this Decree. The terms and provisions of this Decree are fair, reasonable and just. This Decree conforms with the Federal Rules of Civil Procedure and Title VII and is not in derogation of the rights or privileges of any person.

B.      The Court shall retain jurisdiction of this action during the duration of the Decree for the purposes of entering all orders, judgments and decrees that may be necessary to implement the relief provided herein.

## V.

## EFFECTIVE DATE AND DURATION OF DECREE

A.      The provisions and agreements contained herein are effective immediately upon the date which this Decree is entered by the Court ("the Effective Date").

B.      Except as otherwise provided herein, this Decree shall remain in effect for three (3) years after the Effective Date.

## VI.

## MODIFICATION AND SEVERABILITY

A.      This Decree constitutes the complete understanding of the parties with respect to the matters contained herein. No waiver, modification or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each of the parties.

B.      If one or more provisions of the Decree are rendered unlawful or unenforceable, the parties shall make good faith efforts to agree upon appropriate amendments to this Decree in order to effectuate the purposes of the Decree. In any event, the remaining provisions will remain in full force and effect unless the purposes of the Decree cannot, despite the parties' best efforts, be achieved.

1        C.     By mutual agreement of the parties, this Decree may be amended or modified in

2    the interests of justice and fairness in order to effectuate the provisions of this Decree.

3    **VII.**

4    **COMPLIANCE AND DISPUTE RESOLUTION**

5        A.     The parties expressly agree that if the Commission has reason to believe that

6    Defendant has failed to comply with any provision of this Decree, the Commission may bring an

7    action before this Court to enforce the Decree.  Prior to initiating such action, the Commission

8    will notify Defendant and its legal counsel of record, in writing, of the nature of the dispute.

9    This notice shall specify the particular provision(s) the Commission believes Defendant has

10   breached.   Absent a showing by either party that the delay will cause irreparable harm,

11   Defendant shall have thirty (30) days following receipt of such written notice to attempt to

12   resolve or cure the breach.

13       B.     The parties agree to cooperate with each other and use their best efforts to resolve

14   any dispute referenced in the EEOC notice.

15       C.     After thirty (30) days have passed with no resolution or agreement to extend the

16   time further, the Commission may petition this Court for resolution of the dispute, seeking all

17   available relief, including an extension of the term of the Decree for such period of time as

18   Defendant is shown to be in breach of the Decree, the Commission's costs incurred in securing

19   compliance with the Decree, and any other relief the Court deems appropriate.

20   **VIII.**

21   **MONETARY RELIEF**

22       A.     In settlement of this lawsuit, Defendant shall pay $850,000.00 in global monetary

23   relief.  Within ten business days after the Effective Date of this Decree, Defendant shall remit

24   $590,000.00 of the global settlement amount to Plaintiff-Intervenors' counsel's client trust

25   account, to be distributed on behalf of Jessica Alvarado Panameno, Elina Masid, Tange Johnson

26   and Candelaria Turcios ("Plaintiff-Intervenors").  As for the remaining $260,000.00 in global

27   monetary relief, the EEOC shall, within ten business days after the Effective Date of this Decree,

28

6

[PROPOSED] CONSENT DECREE; ORDER

1 | give Defendant written notice of the specific monetary distribution to be provided to each of the
2 | EEOC Charging Parties and Class Members, along with their social security numbers and the
3 | address where each settlement check shall be delivered. Within ten days after receipt of such
4 | notice, Defendant shall make payments as directed by the EEOC. Within three (3) business days
5 | of the issuance of each settlement check to Plaintiff-Intervenors' counsel, and to the Charging
6 | Parties and Class Members, Defendant shall submit a copy of each check and related
7 | correspondence to the Regional Attorney, Anna Y. Park, U.S. Equal Employment Opportunity
8 | Commission, 255 East Temple Street, 4th Floor, Los Angeles, CA 90012

9 | B.      Defendant shall prepare and distribute 1099 tax reporting forms to the Plaintiff-
10 | Intervenors, Charging Parties and Class Members, and shall make appropriate reports to the
11 | Internal Revenue Service and other tax authorities. Defendant has not made any representations,
12 | warranties, or guarantees regarding the taxable or non-taxable character of the monies paid in
13 | accordance with this Agreement. The Plaintiff-Intervenors, Charging Parties and Class Members
14 | shall be solely responsible for the employee's portion of taxes payable, if any, and penalties
15 | arising out of payments made pursuant to this Decree, on their respective portion of settlement
16 | proceeds reported in the 1099 tax reporting forms. Defendant is responsible for any employer
17 | portion of taxes on the portion of settlement proceeds reported in the 1099 tax reporting forms
18 | for each Class Member.      The settlement proceeds shall be designated by the EEOC as
19 | compensatory damages under Title VII.

20 | **IX.**

21 | **ADDITIONAL RELIEF TO CHARGING PARTIES AND CLASS MEMBERS**

22 | A.      Defendant shall change its records to reflect that Class Member Marysol Amescua
23 | shall be considered by Defendant to be eligible for rehire at Caesars Palace. Defendant further
24 | agrees to provide Class Member Marysol Amescua with a neutral job reference.

25 | B.      Defendant shall remove from the Personnel Files of all Charging Parties and
26 | identified Class Members all negative complaints, reports, criticisms, and any other documents
27 | reflecting negatively on their job performance, other than points or discipline for attendance

28 |

violations, since Charging Parties complained to Defendant's Human Resources department in November of 2002 up until the Effective date.

C.      Defendant further agrees that should any of the Charging Parties or identified Class Members resign their employment with Defendant, Defendant shall provide a neutral job reference.

D.      The Charging Parties and identified Class Members shall direct all persons seeking references to Matt Krystofiak, Caesars Palace Human Resources Manager, at the following telephone number and address: (702) 731-7420, 3570 Las Vegas Blvd. South, Las Vegas, Nevada 89109.

## X.

## GENERAL INJUNCTIVE RELIEF

A.      Non-Discrimination

1.      Discrimination Based on Sex

Defendant and its successors and assigns hereby agrees not to: (a) discriminate against persons on the basis of sex in the terms and conditions of employment; (b) engage in or be a party to any unlawful action, policy or practice that is intended or is known to them to have the effect of harassing or intimidating any employee on the basis of sex; and (c) create, facilitate or permit the existence of a work environment that is unlawfully hostile to female employees.

2.      Retaliation

Defendant and its successors and assigns hereby agrees not to engage in, implement or permit any action, policy or practice with the purpose of retaliating against any current or former employee or applicant of Defendant because he or she has in the past, or during the term of this Decree: (a) opposed any practice made unlawful under Title VII; (b) filed a charge of discrimination alleging such practice; (c) testified or participated in any manner in any investigation (including without limitation, any internal investigation undertaken by Defendant), proceeding in connection with this case and/or relating to any claim of a Title VII violation; (d) . . .

1  was identified as a possible witness or claimant in this action; (e) asserted any rights under this
2  Decree; or (f) sought and/or received any relief in accordance with this Decree.

3      Dean Allen, Vice President of Human Resources, shall be designated as the person to
4  whom any Class Member or Plaintiff-Intervenor (who remains employed by Defendant) may
5  address any complaints relating to their employment, including sexual harassment and
6  retaliation. This provision does not preclude the Class Members or Plaintiff-Intervenor utilizing
7  other reporting mechanisms that exist within Caesars and to external sources like the EEOC.

8      B.    Posting

9      Within ten (10) business days after the Effective Date and throughout the term of this
10 Decree, Defendant shall post notice (attached as Exhibit "A") of the terms of this Decree, in
11 English and in Spanish, in at least one clearly visible location frequented by employees at its
12 facility.

13     C.    Equal Employment Opportunity Consultant

14     Within thirty days (30) after the Effective Date, Defendant shall retain an outside Equal
15 Employment Opportunity Consultant ("Consultant") with demonstrated experience in the area of
16 employment discrimination and sexual harassment issues, to implement and monitor Defendant's
17 compliance with Title VII and the provisions of this Decree. The Consultant shall be subject to
18 the Commission's approval, which shall not be unreasonably withheld. If the Commission does
19 not approve Defendant's proposed Consultant, the Commission shall provide Defendant with a
20 list of at least three suggested candidates acceptable to the Commission. Defendant agrees to
21 consider each of the EEOC's suggested candidates in good faith. However, if after good faith
22 consideration of each candidate, Defendant finds the candidates unacceptable, Defendant may
23 propose an alternative consultant, subject to the Commission's approval which shall not be
24 unreasonably withheld. If the Defendant and EEOC cannot agree on a suitable candidate, they
25 will provide the names and information regarding the qualifications of up the three consultants
26 that would be acceptable to each. The Court will then select a consultant from the candidates
27 submitted by EEOC and the Defendant. Defendant shall bear all costs associated with the

28

9
[PROPOSED] CONSENT DECREE; ORDER

1  selection and retention of the Consultant and the performance of his/her/its duties. The
2  Consultant shall assist Defendant in the following:

3       1.      Developing procedures to handle complaints of discrimination, harassment
4  and retaliation;

5       2.      Creating, applying and implementing its new anti- harassment policy and
6  reporting procedure to carry out its obligations under this Decree;

7       3.      Training managerial and staff/hourly employees on their rights and
8  responsibilities under Title VII, including but not limited to the responsibilities to provide a
9  workplace free of unlawful discrimination;

10      4.      Training all employees on policies and procedures relating to sex
11 discrimination/harassment and retaliation;

12      5.      Monitoring and assuring the adequate investigation of all complaints of
13 sexual discrimination/ harassment and retaliation, including monitoring and assuring the
14 adequate investigation of complaints of sexual discrimination/harassment by any of the Charging
15 Parties and class members who continue to work for Defendant during the term of this Decree;

16      6.      Properly communicating with complainants regarding the complaint
17 procedure, status of the complaint/investigation, results of the investigation, and any remedial
18 action taken;

19      7.      Ensuring that all reports required by this Decree are accurately compiled
20 and timely submitted;

21      8.      Ensuring appropriate and consistent disciplinary policies to hold
22 employees and managers accountable for failing to take appropriate action and/or for engaging in
23 conduct prohibited under this Decree;

24      9.      Creating a centralized system of tracking discrimination, harassment, and
25 retaliation complaints; and

26      10.     Further ensuring compliance with the terms of this Decree.

27  D.      Revision of Policies Concerning Discrimination and Harassment

28
10
[PROPOSED] CONSENT DECREE; ORDER

1       With the assistance of the Consultant, Defendant shall revise its policy on discrimination
2   and sexual harassment, and provide a copy to the Commission within sixty (60) days after the
3   Effective Date. The revised policy shall include:

4          1.    A clear explanation of prohibited conduct;

5          2.    Assurance that employees who make complaints of harass-
6   ment/discrimination or provide information related to such complaints will be protected against
7   retaliation;

8          3.    A clearly described complaint process that provides accessible and
9   confidential avenues of complaint with contact information including name (if applicable),
10  address, and telephone number of persons both internal (*i.e.* human resources) and external to
11  Defendant (*i.e.*, the EEOC) to whom employees may report discrimination and retaliation,
12  including a written statement that the employee may report the discriminatory behavior to
13  designated persons outside their chain of management;

14         4.    Assurance that the employer will protect the confidentiality of
15  harassment/discrimination complaints to the extent possible;

16         5.    A complaint process that provides a prompt, thorough, and impartial
17  investigation;

18         6.    A procedure for communicating with the complainant regarding the status
19  of the complaint/investigation, results of the investigation, and any remedial action taken; and

20         7.    Assurance that Defendant will take "immediate and appropriate corrective
21  action" within the meaning of the applicable Title VII case law, when it determines that
22  harassment/discrimination and/or retaliation has occurred.

23      This revised policy shall promptly be distributed in English and be available in Spanish to
24  all of Defendant's employees (including management/supervisory staff and hourly employees),
25  and shall be included in any new relevant policy or employee manuals distributed to employees
26  by Defendant. Defendant shall collect acknowledgments from each employee who receives the
27  revised policy, in either English or Spanish, as appropriate. Throughout the term of this Decree,

28

1  Defendant shall make accessible and post the revised policy, in English and Spanish, in a place
2  that is conspicuous and accessible to all employees in a legible font that is a minimum of 15
3  points in size.

4      E.    Training

5      Within ninety (90) days after the Effective Date or sixty (60) days after selection and
6  approval of the consultant, whichever is later all of Defendant's managerial/ supervisory and
7  staff/hourly employees shall be required to attend an intensive live training program of at least
8  two (2) hours for managerial employees and one (1) hour for staff/hourly employees, excluding
9  Banquet Extras and D List Banquet Employees. One training session for staff/hourly employees
10  shall be conducted in Spanish, and one training session for staff/hourly employees shall be
11  conducted in English. Each staff/hourly employee shall be required to participate in one such
12  training session, in the language (either English or Spanish) that he/she best understands.

13      The second annual training will be conducted with a combination of a live and online
14  component.

15      During the third annual year, Defendant shall have a refresher training that can be a
16  combination of live or online training. If the training is exclusively online, the online training
17  shall have a component whereby the participant may ask questions and receive answers
18  regarding sexual harassment and retaliation.

19      1.    All employees' training shall include coverage of the subjects of sexual
20  harassment and retaliation, and Defendant's revised policies and procedures for reporting and
21  handling complaints of sexual harassment and retaliation.

22      2.    The training of managerial employees shall additionally include training
23  on how to properly handle complaints of sexual harassment in a neutral manner, how to take
24  preventive and corrective measures against sexual harassment and/or retaliation, and how to
25  recognize and prevent sexual harassment and/or retaliation.

26      3.    Training for employees who are assigned to investigate complaints of
27  sexual harassment shall include training on how to conduct investigations.

28

1    4.    For the remainder of the term of this Decree, all new employees,

2    excluding Banquet Extras and D-List Banquet Employees, and all employees recently promoted

3    from a staff/hourly to a managerial position shall receive the managerial or staff/hourly

4    employee training, as appropriate, at the next scheduled annual training session.

5    5.    All employees required to attend such training shall verify their

6    annual attendance in writing.

7    6.    In lieu of annual training of Banquet Extras and D-List Banquet

8    Employees, Defendant shall disseminate its anti-discrimination and anti-harassment policies and

9    procedures to such individuals.

10   Within sixty five (65) days after the Effective Date or forty five (45) days after selection

11   and approval of the Consultant, whichever is later, Defendant shall submit to the EEO Consultant

12   a description of the training to be provided and an outline of the curriculum developed for the

13   trainees.  The EEO Consultant shall inform the EEOC about the date, time, and location of each

14   training program pursuant to this Decree and Defendant agrees that an EEOC representative may

15   attend any such training program

16                                              **XI.**

17                          **RECORD KEEPING AND REPORTING**

18   A.    Record Keeping

19   Defendant shall establish a record-keeping procedure that provides for the centralized

20   tracking of discrimination complaints and the monitoring of such complaints to prevent

21   retaliation.  The records to be maintained shall include:

22   1.    All documents generated in connection with any complaint, investigation

23   into, or resolution of every complaint of discrimination or retaliation for the duration of the

24   Decree and the identities of the parties involved;

25   2.    All forms acknowledging employees' receipt of Defendant's revised anti-

26   discrimination and anti-retaliation policy; and

27   . . .

28                                              13

1      3.     All documents verifying the occurrence of all training sessions and names
2  of all attendees for each session as required under this Decree.

3      Defendant shall make the aforementioned records available to the EEOC within ten (10)
4  business days following a written request by the EEOC.

5      B.     Reporting

6      In addition to the notices to the EEOC specified above, Defendant shall provide the
7  following reports to the EEOC in writing, by mail or facsimile:

8      1.     Within one hundred twenty (120) days after the Effective Date, Defendant
9  shall submit to the EEOC an initial report which contains:

10          (a)     A copy of the discrimination and anti-retaliation policy;

11          (b)     A summary of the procedures and record-keeping methods
12  developed for centralized tracking of discrimination complaints and the monitoring of such
13  complaints;

14          (c)     A statement confirming that the required notices pertaining to this
15  Decree and the revised discrimination and anti-retaliation policies have been posted; and

16          (d)     Copies of all employee acknowledgment forms indicating receipt
17  of the revised discrimination and anti-retaliation policy.

18      2.     Defendant shall also provide the following reports annually throughout the
19  term of this Decree:

20          (a)     The attendance lists of all attendees for all training sessions
21  required under this Decree that took place during the previous six months;

22          (b)     Acknowledgments of receipt of the revised discrimination and
23  harassment policy for all employees hired during the previous six months; and

24          (c)     Defendant shall submit to the EEOC a description of all formal
25  sexual harassment complaints and/or retaliation complaints based on claims of sexual harassment
26  that have been lodged against Defendant since the submission of the immediately preceding
27  report hereunder.  This description shall include the names of the individuals alleging sexual

28

14

harassment or retaliation, the nature of the sexual harassment or retaliation, the names of the alleged perpetrators of sexual harassment or retaliation, the dates of the alleged sexual harassment or retaliation, a brief summary of how each complaint was resolved, and the identity of the person(s) who investigated or resolved each complaint. If no results have been reached as of the time of the report, the result shall be included in the next report.

3.   Defendant shall provide a report to the EEOC detailing any changes of the procedures or record-keeping methods for centralized tracking of discrimination complaints and the monitoring of such complaints within thirty (30) days before implementing such changes.

## XII.

## COSTS OF ADMINISTRATION AND IMPLEMENTATION
## OF CONSENT DECREE

Defendant shall bear all costs associated with its administration and implementation of its obligations under this Decree.

## XIII.

## COSTS AND ATTORNEYS' FEES

Each party shall bear its own costs of suit and attorneys' fees.

## XIV.

## MISCELLANEOUS PROVISIONS

A.   During the term of this Decree, Defendant shall provide any successor with a copy of this Decree within a reasonable time of not less than thirty (30) days prior to the closing of any acquisition or assumption of control of Defendant's facility, and shall simultaneously inform the EEOC of same.

B.   During the term of this Consent Decree, Defendant and its successors shall assure that each of its officers, senior managers and department heads are aware of any term(s) of this Decree which may be related to his/her job duties.

C.   Unless otherwise stated, all notices, reports and correspondence required under this Decree shall be delivered to the attention of the Regional Attorney, Anna Y. Park, U.S.

1 | Equal Employment Opportunity Commission, Los Angeles District Office, 255 E. Temple St.,

2 | 4th Fl., Los Angeles, CA 90012.

3 |     D.    The parties agree to entry of this Decree and judgment subject to final approval by

4 | the Court.

5 |     All parties, through the undersigned, respectfully apply for and consent to the entry of

6 | this Consent Decree Order.

<br>

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

Date: __8/17__, 2007    By: _____

Anna Y Park
Connie Liem
Victor Viramontes
Angela Morrison
Attorneys for Plaintiff EEOC

LITTLER MENDELSON

Date: _____, 2007    By: _____

Patrick Hicks
Veronica Arechederra Hall
Deborah Westbrook
Attorneys for Defendants
Desert Palace, Inc. d/b/a Caesars Palace

[PROPOSED] CONSENT DECREE; ORDER

Fax from  : 7028624582                                    08-14-07 13:44    Pg: 17

1  Equal Employment Opportunity Commission, Los Angeles District Office, 255 E. Temple St.,

2  4th Fl., Los Angeles, CA 90012.

3      D.    The parties agree to entry of this Decree and judgment subject to final approval by

4  the Court.

5      All parties, through the undersigned, respectfully apply for and consent to the entry of

6  this Consent Decree Order.

7
8                                      EQUAL EMPLOYMENT
                                       OPPORTUNITY COMMISSION
9
10  Date: _____, 2007          By: _____
11                                           Anna Y Park
                                             Connie Liem
12                                           Victor Viramontes
                                             Angela Morrison
13                                       Attorneys for Plaintiff EEOC

14                                      LITTLER MENDELSON

15
16  Date: August 14, 2007              By: _____
17                                           Patrick Hicks
                                             Veronica Arechederra Hall
18                                           Deborah Westbrook
                                         Attorneys for Defendants
19                                       Desert Palace, Inc. d/b/a Caesars Palace

20
21                     [PROPOSED] ORDER

22      The provisions of the foregoing Consent Decree are hereby approved and compliance

23  with all provisions thereof is HEREBY ORDERED.

24  Date:  August 22, 2007.

25
26                                      _____
27                                      LARRY R. HICKS
                                        UNITED STATES DISTRICT JUDGE
28

                   [PROPOSED] CONSENT DECREE; ORDER